450 So.2d 843 (1984)
TRUCKING EMPLOYEES OF NORTH JERSEY WELFARE FUND, INC., et al., Petitioners,
v.
Thomas ROMANO, et al., Respondents.
No. 63487.
Supreme Court of Florida.
May 17, 1984.
*844 Maurice M. Garcia and Bradford J. Beilly of Abrams, Anton, Robbins, Resnick, Schneider & Mager, Hollywood, for petitioners.
Arthur M. Simon of Goodwin, Ryskamp, Welcher & Carrier, Miami, for respondents.
Edward T. O'Donnell, Richard M. Bezold and Robert T. Kofman, Miami, for the Florida Defense Lawyers Ass'n, amicus curiae.
EHRLICH, Justice.
This cause is before the Court as presenting a question certified to be of great public importance. Romano v. Trucking Employees of North Jersey Welfare Fund, Inc., 427 So.2d 802 (Fla. 4th DCA 1983). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioners were limited partners in a registered Florida limited partnership, in which the respondents were the general partners and business managers, formed for the purpose of developing condominiums in Lauderhill, Florida. On April 3, 1978, petitioners filed a complaint against respondents, alleging breach of fiduciary duty, conspiracy to defraud and breach of the limited partnership contract. Later, an additional count was added based on alleged violation of the federal RICO statute.
On November 28, 1978, a federal criminal indictment was filed in United States District Court for the Southern District of Florida charging respondents with twenty-one counts of fraud and misrepresentation. Petitioners were named in the indictment as victims of the specific acts which had been alleged in petitioners' complaint. Respondents were found guilty on all counts.
Thereafter, petitioners filed a motion for summary judgment on the strength of the guilty verdict returned by the jurors in the federal criminal action. Petitioners argued that that conviction conclusively established all the factual allegations contained in petitioners' complaint for purposes of res judicata and collateral estoppel in light of the fact that the United States proved that petitioners were injured by the acts complained of.
*845 The trial court granted summary judgment on the issue of liability and retained jurisdiction on the issue of damages. The Fourth District Court of Appeal reversed on the grounds that a criminal conviction is not admissible in a civil action to prove the truth of the underlying facts and that lack of identity of the parties barred use of the conviction as collateral estoppel. However, the district court certified the following question to the Court:
May a litigant, who was not a party to a prior criminal proceeding that resulted in a judgment of conviction, use the judgment of conviction "offensively" in a civil proceeding to prevent the same defendant from relitigating issues resolved in the earlier criminal proceeding?
427 So.2d at 803. We answer the question in the negative and approve the decision of the district court.
Collateral estoppel or estoppel by judgment, like its near relative res judicata, serves to limit litigation by determining for all time an issue fully and fairly litigated between parties.
The difference which we consider exists between res adjudicate and estoppel by judgment is that under res adjudicate a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised, while the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues  that is to say points and questions  common to both causes of action and which were actually adjudicated in the prior litigation.
Gordon v. Gordon, 59 So.2d 40, 44 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952). A corollary to the doctrine of collateral estoppel is the doctrine of mutuality of parties which holds that strangers to a prior litigation  those who were neither parties nor in privity with a party  are not bound by the results of that litigation. See Yovan v. Burdine's, 81 So.2d 555 (Fla. 1955), and cases cited therein.
We recognize that the federal courts have abandoned the requirement of mutuality of parties as a prerequisite to asserting the doctrine of collateral estoppel. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). We are also aware that other jurisdictions have also receded from the mutuality requirement. See, e.g., Bernhard v. Bank of America National Trust & Savings Association, 19 Cal.2d 807, 122 P.2d 892 (1942). However, the well established rule in Florida has been and continues to be that collateral estoppel may be asserted only when the identical issue has been litigated between the same parties or their privies. Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977); Universal Construction Co. v. City of Ft. Lauderdale, 68 So.2d 366 (Fla. 1953).
The question presented by the district court, however, further limits our inquiry to the use of a criminal conviction as conclusive proof of the facts underlying the conviction in a civil suit arising from those same facts. As the district court noted, and petitioners concede, Florida law prohibits such use of a conviction. Boshnack v. World Wide Rent-a-Car, Inc., 195 So.2d 216 (Fla. 1967); Moseley v. Ewing, 79 So.2d 776 (Fla. 1955); Stevens v. Duke, 42 So.2d 361 (Fla. 1949). We see no need for nor advantage in receding from the established rule of evidence.
Petitioner urges judicial economy as a major rationale for changing the evidentiary rule and abrogating the doctrine of mutuality of parties. However, petitioner acknowledges that the determination of whether the facts are indeed identical and defendant had a fair opportunity and reasonable inducement to defend the action must be left to the discretion of the trial judge in the civil suit. This creates fertile ground for appeal; any savings to the trial *846 court would be at the expense of the district courts of appeal. Robbing Peter to pay Paul is poor economy, judicial or otherwise.
Furthermore, evidence of the underlying facts may be relevant to issues other than liability. The jury might need to hear much of the same evidence to make determinations about comparative negligence, damages and punitive damages, for example. There can be little economy where the same effort must be expended for other purposes.
Finally, we are not convinced that the burden under which the plaintiffs' bar now labors is so onerous that defendants' rights should be compromised to ease it. Plaintiffs have been equal to proving all the elements of liability heretofore. To change the status quo risks prejudice to defendants which is not necessary to serve the ends of justice.
Therefore, we approve the decision of the district court and answer the certified question in the negative.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and SHAW, JJ., concur.