528 So.2d 487 (1988)
PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant,
v.
Robin TURKAL, et al., Appellees.
No. 87-2361.
District Court of Appeal of Florida, Third District.
July 12, 1988.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Fort Lauderdale, for appellant.
David P. Dittmar, Pines & Hauser and Helen Hauser, Coconut Grove, for appellees.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
Appellant Prudential Insurance Company of America [Prudential] challenges the trial court's entry of Final Summary Judgment for Defendant/Counterplaintiff, Kenneth White, the Personal Representative of the Estates of Robin Turkal and Joseph Turkal, in an interpleader action. The trial court found:
(A) That the issues which were the subject of that certain Probate proceeding pending in the Probate Division of this Court enstyled In Re: Estate of Joseph E. Turkal, Jr., deceased, Case No. 86-6005 (CP-02) are identical to the issues to be determined in this case.
(B) That said issues were fully litigated and determined resulting in a final decision of a Court of competent jurisdiction as represented by the certified copy of the Order rendered by the Probate Division of this Court and attached to the Defendant/Counterplaintiff's Motion for Summary as Exhibit "A".
(C) That the Plaintiff, PRUDENTIAL INSURANCE COMPANY OF AMERICA, had an interest in the outcome of the subject proceeding before the Probate Division of this Court and had a right to participate in said proceeding through the filing of a Petition for Intervention, but chose voluntarily not to do so and, as a result, is bound by the *488 findings of fact and conclusions of law heretofore made and determined in that proceeding and further is collaterally estopped from relitigating those issues before this Court. See McGregor vs. Provident Trust Co., 119 Fla. 718, 162 So. 323 (1935) and Red Carpet Corporation of Panama City Beach vs. B.K. Roberts, 443 So.2d 377 (1st DCA 1983).
We reverse.
Collateral estoppel may be applied only where the parties and issues are identical and where a particular matter has been fully litigated and determined in a prior litigation which has resulted in a final decision in a court of competent jurisdiction. Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977); Nationwide Mut. Fire Ins. Co. v. Race, 508 So.2d 1276 (Fla. 3d DCA 1987); Husky Indus., Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982); Weigh Less for Life, Inc. v. Barnett Bank of Orange Park, 399 So.2d 88 (Fla. 1st DCA 1981); see Trucking Employees of N. Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984).
Because Prudential was neither a party to the probate action nor in privity with any party, collateral estoppel is inapplicable in this case.
Reversed.