WENTWORTH, Judge.
Appellants seek review of an order denying their class action claim for a refund of sales taxes. Appellants represent individuals who requested a refund after paying a sales tax for occasional and isolated purchases of mobile homes between 1981 and 1985. We find that the Department of Revenue was empowered to assess such taxes under chapter 212, Florida Statutes, and we affirm the order appealed.
Chapter 212 is a revenue act authorizing a tax on various business transactions. Between 1981 and 1985 the act defined “business” to include occasional and isolated sales of motor vehicles, and “tangible personal property” to include motor vehicles as described in section 320.01(1), Florida Statutes. See e.g., sections 212.02(9) and 212.02(12), Florida Statutes (1984). Chapter 320 is a licensing enactment which then referred to motor vehicles at section 320.-01(1), and mobile homes at section 320.-01(2), Florida Statutes. Nevertheless, the applicable administrative regulations subjected occasional and isolated mobile home transactions to a sales tax. See e.g., Rule 12A-1.37(l)(c), F.A.C. (1984).
In 1985 the Department of Revenue briefly suspended collection of this tax, questioning its authority under chapter 212. The 1985 legislature amended chapter 212, expressly authorizing a tax on occasional and isolated mobile home transactions. See sections 212.02(9); 212.02(12); 212.05(l)(b), Florida Statutes (1985). The Department of Revenue then continued to collect a tax on these transactions, and declined to grant refunds for prior payments.
Appellants assert that the 1985 amendments effected a substantive change which may not apply retroactively. However, the legislature generally characterized these amendments as remedial, see chapter 85-348, section 8, Laws of Florida (1985), and the trial court found the amendments to be merely a clarification intended to address an erroneous interpretation of the existing law. Such a clarification is not a substantive amendment. See State ex rel. Szabo Food Services, Inc. of N.C. v. Dickinson, 286 So.2d 529 (Fla.1974). The trial court did not apply the amendments retroactively, but rather construed the statutes in existence between 1981 and 1985 as authorizing a sales tax on occasional and isolated mobile home transactions.
Appellants further assert that, since mobile homes were not identified as motor vehicles under section 320.01(1) between 1981 and 1985, they were not encompassed within the statutory reference to this section in chapter 212. But this reference was adopted in 1971, when mobile homes were identified in section 320.01(1). Although chapter 320 was later restructured, the specific reference in chapter 212 incorporated the law as it existed in 1971, unaffected by subsequent amendments. This doctrine of statutory cross-reference is noted in the preface to the Florida Statutes, and has been approved by the Florida Supreme Court. See Overstreet v. Blum, 227 So.2d 197 (Fla.1969). The legislative history of chapter 212 does not suggest a contrary intent, and the continued reference to motor vehicles as defined in section 320.01(1) relates to the 1971 version of that statute, encompassing mobile homes.
Between 1981 and 1985 chapter 212 expressly provided for a tax upon occasional and isolated sales of motor vehicles required to be licensed, as well as other business sales. See section 212.05(l)(a)l, Florida Statutes (1984). Chapter 320 required the licensing of mobile homes. See e.g., sections 320.015; 320.08(10); 320.0815, Florida Statutes (1984). These provisions, together with the incorporated definitional *1052 reference of mobile homes as motor vehicles under section 320.01(1), Florida Statutes (1971), authorized the contested taxes in the present case.
Appellants also suggest that the doctrine of estoppel should preclude appel-lees from retaining appellants’ tax payments. However, appellants have not demonstrated any substantial reliance on appel-lees’ actions, and absent such reliance the doctrine of estoppel may not be invoked. See e.g., Taylor v. Kenco Chemical & Manufacturing Corp., 465 So.2d 581 (Fla. 1st DCA 1985).
The order appealed is affirmed.
SMITH, C.J., and WIGGINTON, J., concur.