603 So.2d 59 (1992)
FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant,
v.
HY KOM DEVELOPMENT COMPANY, Robert D. Bair, Gene L. Duncan, W. Daniel Kearney, as trustee, M.D. Moody & Sons, Inc. and U.S. Filigree Wideslab, Inc., Appellees.
No. 91-00596.
District Court of Appeal of Florida, Second District.
July 24, 1992.
Peter J. Mackey and Catherine Z. Mackey of Mackey & Mackey, Bradenton, for appellant.
Lee Milich, P.A., North Miami, for appellees.
RYDER, Acting Chief Judge.
The Federal Deposit Insurance Corporation (FDIC) seeks review of the trial court's order denying its motion for a deficiency judgment. We reverse.
*60 The FDIC commenced foreclosure proceedings against Hy Kom Development Company (Hy Kom) on a promissory note in the principal amount of $525,000.00, secured by a real estate mortgage and security agreement encumbering Manatee County property and also brought suit against Robert D. Bair and Gene L. Duncan for breach of their personal guaranties of payment. After a bench trial, the trial court entered on January 24, 1989, a final judgment of foreclosure in FDIC's favor in the amount of $808,579.90. At the March 7, 1990 foreclosure sale, an independent third party, Charles Floyd, as trustee of an undisclosed principal, was the successful bidder with a $225,000.00 bid.[1] On March 27, 1990, a certificate of title was issued to Mr. Floyd.
The subject property is a remote waterfront parcel approximately three acres in size located on Snead Island. The site was zoned by Manatee County at the time of the foreclosure sale date as R-3B allowing a density of sixteen units per acre. However, under Manatee County's Comprehensive Land Use Plan (the comp plan) effective May 11, 1989, the land's density is restricted to one dwelling unit/acre.
On August 8, 1990, the FDIC served its motion for a deficiency judgment. At the hearing on its motion, the FDIC argued that because an independent third party had outbid the FDIC, no judicial determination of the property's sale-date value was necessary. Thus, it urged that the amount of the deficiency should be the remainder obtained by subtracting the successful bid price from the foreclosure judgment. Alternatively, the FDIC argued that even if the trial court elected to make a factual finding as to the property's sale-date value, it was entitled to the entry of a deficiency judgment of at least $308,297.90 because the property was worth at most $500,000.00 due to the comp plan restrictions.
The appellees contended that the property's value was in excess of $1 million because the potential existed to build a 48-unit condominium project on the property. This argument was contingent upon a victory in both a separate lawsuit pending against Manatee County concerning an allegedly wrongful revocation of Hy Kom's building permit for a 48-unit condominium project on the subject property and an ensuing action to obtain a special exception to the comp plan for the condominium development.
At the evidentiary hearing, three expert witnesses, using the comp plan's one dwelling unit/acre restriction for the subject property, opined respectively that the property's sale-date value was $265,000.00, $283,000.00 or $500,000.00. Appellees' appraiser who provided the $283,000.00 appraisal figure, also opined that, assuming the highest and best use is a 48-unit condominium, the subject property's sale-date value was $1,728,000.00. Evidence was also presented that the subject property had been sold in 1981 for the sum of $1,250,000.00, and later, in May, 1983, to Hy Kom for $900,000.00. Its assessed tax valuation was $1,088,400.00 for 1989 and $1,102,500.00 for 1990. The FDIC's expert appraiser opined that the assessments reflected the prior zoning which would have permitted condominium development of the property.
The court valued the property at $1 million based upon its finding that at least nine and perhaps sixteen units could be built on the property. Consequently, the court denied the FDIC's motion for a deficiency judgment.
The entry of a deficiency decree shall be within the sound judicial discretion of the court. § 702.06, Fla. Stat. (1989). However, a trial court's discretion in granting *61 or denying a deficiency decree must be supported by established equitable principles as applied to the facts of the case, and the exercise of which is subject to review on appeal. Carlson v. Becker, 45 So.2d 116 (Fla. 1950). The exercise of the trial judge's discretion allows inquiry into the reasonable and fair market value of the property, the reasonableness of the price at the foreclosure sale and other equitable considerations. Savers Federal Savings & Loan Association v. Sandcastle Beach Joint Venture, 498 So.2d 519 (Fla. 1st DCA 1986). The granting of a deficiency judgment is the rule rather than the exception unless there are facts and circumstances creating equitable circumstances justifying the court's denial of the deficiency. Flagship State Bank of Jacksonville v. Drew Equipment Co., 392 So.2d 609 (Fla. 5th DCA 1981). A denial of a deficiency judgment will not be disturbed absent a clear abuse of discretion where there are facts and circumstances that create equitable considerations supporting the trial court's denial. Wilson v. Adams & Fusselle, Inc., 467 So.2d 345 (Fla. 2d DCA 1985).
Because the trial court based its finding as to the property's sale-date value upon expert testimony that declared what the property's highest and best use should be, rather than what it was in fact, the trial court's conclusion is not substantiated by the record. As previously stated, three appraisers gave opinions that the property was valued at far less than the $1 million finding by the trial court. What is clear from the expert testimony is that significant doubts existed concerning any development in excess of the density permitted by the comp plan. The trial judge here failed to set forth any equitable considerations or other facts and circumstances supporting his finding that the property was valued at $1 million. The record is clear that this was a third party foreclosure sale, and that there was no relationship between the mortgagee and the successful bidder. Thus, we conclude that it was a clear abuse of discretion under the circumstances of this case for the trial court to deny a deficiency judgment.
We are also very concerned about the equities in light of appellees' actions in hiring an undisclosed trustee to effectively wipe out the FDIC's foreclosure judgment at a substantial discount. The trial court's decision appears to create a windfall for the appellees. The appellees' actions speak against any entitlement to the equitable consideration of the trial court.
Accordingly, the trial court's final order denying a deficiency judgment is reversed, and the case is remanded to the trial court to credit the successful bid price of $225,000.00 against the foreclosure judgment of $808,579.90. The remainder represents the correct amount as of March 7, 1990, of the deficiency judgment.
Reversed and remanded with instructions.
PARKER and ALTENBERND, JJ., concur.
NOTES
[1] Although the FDIC conjectured that Mr. Floyd was not an independent third party purchaser, appellees objected to the FDIC's cross-examination of appellee's principal concerning any relationship between Hy Kom and Mr. Floyd. Thus, the trial court apparently concluded that Mr. Floyd was a disinterested third party. Interestingly, appellees' counsel, Lee Milich, admitted for the first time at oral argument that Mr. Floyd was Hy Kom's straw man, and that Hy Kom had since repurchased the property from Mr. Floyd, received a successful result in the pending litigation against Manatee County and was presently proceeding with its plan to build the 48-unit condominium.