638 So.2d 114 (1994)
Rosemary STOGNIEW, Appellant/Cross-Appellee,
v.
Thomas J. McQUEEN, Appellee/Cross-Appellant.
No. 93-00436.
District Court of Appeal of Florida, Second District.
June 3, 1994.
Murray B. Silverstein of Silverstein & Snyder, P.A., Tampa, for appellant/cross-appellee.
Charles W. Hall and William A. Kebler of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellee/cross-appellant.
DANAHY, Acting Chief Judge.
In an action by a client against her therapist for negligence, the plaintiff appeals a final judgment entered on a jury verdict for the defendant and the defendant cross-appeals. We affirm the final judgment and thus do not address the issue on cross-appeal.
The appellee (McQueen) is a licensed marriage and family therapist. The appellant (Stogniew) sought counseling from McQueen to help her deal with the sudden and unexpected death of her 21-year-old son in 1986. Stogniew first saw McQueen in his office on January 30, 1986. The counseling sessions ended unhappily for Stogniew, leading her to take two actions. She filed a complaint against McQueen with the Department of Professional Regulation (DPR). She also brought this action against McQueen on *115 April 3, 1990, to recover damages for negligence.
During the pendency of this action in the trial court, a final decision was reached in the DPR proceedings on Stogniew's complaint against McQueen. DPR issued a final order concluding that McQueen violated Florida Statutes governing his profession by failing to meet the minimum standards of performance in his professional activities when measured against generally prevailing peer performance in his relationship with Stogniew.
Asserting that the facts underlying the DPR determination were the exact same facts underlying Stogniew's action for negligence against McQueen, Stogniew moved for partial summary judgment on the theory of offensive collateral estoppel, requesting the trial court to rely on the DPR final order to preclude relitigation of the issue of whether McQueen failed to meet the minimum standards of his profession in his counseling relationship with Stogniew. The trial court denied Stogniew's motion and all of her subsequent efforts to introduce the outcome of the DPR proceedings in her negligence action. At the conclusion of a jury trial, the jury returned a verdict finding McQueen not negligent in his counseling relationship with Stogniew. Stogniew vigorously asserts that the trial court should have allowed her to use the DPR decision to preclude McQueen from disputing the facts underlying this action when those facts are the same facts considered by DPR. We write to address this important question.
Two decisions of our supreme court are applicable here. The first is Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984). In that case limited partners brought an action against their general partners and business managers alleging breach of fiduciary duty, conspiracy to defraud, and breach of the limited partnership contract. Subsequently, a federal criminal indictment was filed charging the defendants with twenty-one counts of fraud and misrepresentation. The plaintiffs were named in the indictment as victims of the specific acts which had been alleged in their complaint. The defendants were found guilty on all counts.
Thereafter, the plaintiffs filed a motion for summary judgment on the strength of the guilty verdict returned by the jurors in the federal criminal action. The trial court granted summary judgment on the issue of liability. The Fourth District Court of Appeal reversed on the ground that a criminal conviction is not admissible in a civil action to prove the truth of the underlying facts and that lack of identity of the parties barred use of the conviction as collateral estoppel.
In Romano, the supreme court limited its inquiry to the use of a criminal conviction as conclusive proof of the facts underlying the conviction in a civil suit arising from those same facts. The court approved the decision of the Fourth District Court of Appeal and answered its certified question in the negative. That question was whether a litigant, who was not a party to a prior criminal proceeding that resulted in a judgment of conviction, may use the judgment of conviction "offensively" in a civil proceeding to prevent the same defendant from relitigating issues resolved in the earlier criminal proceeding.
The court in Romano pointed out that a corollary to the doctrine of collateral estoppel is the doctrine of mutuality of parties which holds that strangers to a prior litigation  those who are neither parties nor in privity with a party  are not bound by the results of that litigation. The court recognized that the federal courts have abandoned the requirement of mutuality of parties as a prerequisite to asserting the doctrine of collateral estoppel. However, the court adhered to the well-established rule in Florida that collateral estoppel may be asserted only when the identical issue has been litigated between the same parties or their privies.
In Zeidwig v. Ward, 548 So.2d 209 (Fla. 1989), the supreme court had another occasion to consider the requirement of mutuality of parties in the application of collateral estoppel. In that case, a client brought an action for alleged malpractice of the attorney who had represented him in a criminal prosecution. In the criminal prosecution, the plaintiff had unsuccessfully asserted "ineffective *116 assistance" of the attorney in postconviction proceedings. The supreme court held that mutuality of the parties is not a prerequisite to the defensive application of collateral estoppel in a criminal-to-civil context, so that the plaintiff was collaterally estopped from raising the same facts underlying his unsuccessful "ineffective assistance of counsel" claim in his legal malpractice action against his former attorney.
Stogniew relies heavily on Zeidwig to persuade us that the supreme court abandoned the mutuality-of-parties requirement and that this requirement should not be applied to prevent "offensive collateral estoppel" in the administrative proceedings  civil action context. We do not agree that the supreme court relaxed the mutuality-of-parties requirement to that extent. Further, we do not agree with Stogniew that she could be considered to have been in privity with the DPR in its investigation and discipline of McQueen, so that the requirement of mutuality of parties has been met.
In sum, we agree with the trial court that Stogniew could not use the DPR decision against McQueen as offensive collateral estoppel to preclude McQueen from contesting in this action the same facts that were involved in the DPR proceeding. Recognizing the strength of Stogniew's arguments, we certify the following question to the supreme court as a question of great public importance:
MAY AN ADMINISTRATIVE DETERMINATION OF A PROFESSIONAL'S MISCONDUCT BE USED AS CONCLUSIVE PROOF OF THE FACTS UNDERLYING THAT DETERMINATION IN A SUIT AGAINST THE PROFESSIONAL FOR NEGLIGENCE BASED ON THE SAME FACTS?
Affirmed; question certified.
BLUE and QUINCE, JJ., concur.