656 So.2d 917 (1995)
Rosemary STOGNIEW, Petitioner,
v.
Thomas J. McQUEEN, Respondent.
No. 83881.
Supreme Court of Florida.
May 4, 1995.
Rehearing Denied July 5, 1995.
*918 Murray B. Silverstein of Silverstein & Snyder, P.A., Tampa, for petitioner.
Charles W. Hall and William A. Kebler of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., St. Petersburg, for respondent.
GRIMES, C.J.
We review Stogniew v. McQueen, 638 So.2d 114 (Fla. 2d DCA 1994), in which the court certified the following question to be of great public importance:
MAY AN ADMINISTRATIVE DETERMINATION OF A PROFESSIONAL'S MISCONDUCT BE USED AS CONCLUSIVE PROOF OF THE FACTS UNDERLYING THAT DETERMINATION IN A SUIT AGAINST THE PROFESSIONAL FOR NEGLIGENCE BASED ON THE SAME FACTS?
Id. at 116. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Thomas McQueen is a licensed marriage and family therapist. In 1986 Rosemary Stogniew sought counseling from McQueen to deal with the sudden and unexpected death of her son. Sometime after the counseling sessions ended, Stogniew filed a complaint against McQueen with the Department of Professional Regulation (DPR). Thereafter, Stogniew also filed a civil action against McQueen for negligence. While the civil action was pending, a final decision was reached by DPR which concluded that McQueen had violated section 491.009(2)(s), Florida Statutes (1989),[1] by failing to meet *919 the minimum standards of performance in his professional relationship with Stogniew when measured against generally prevailing peer performance.
In her civil action, Stogniew moved for a partial summary judgment on the theory of collateral estoppel requesting that the trial court rely on the DPR final order to preclude relitigation of the issue of whether McQueen failed to meet the minimum standards of his profession in the counseling relationship. The trial court denied Stogniew's motion. The case proceeded to trial resulting in a jury verdict in favor of McQueen. The Second District Court of Appeal affirmed the judgment against Stogniew relying heavily upon Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984), and Zeidwig v. Ward, 548 So.2d 209 (Fla. 1989).
Collateral estoppel, also known as estoppel by judgment, serves as a bar to relitigation of an issue which has already been determined by a valid judgment. As explained in Gordon v. Gordon, 59 So.2d 40, 44 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952):
The difference which we consider exists between res adjudicata and estoppel by judgment is that under res adjudicata a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised, while the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues  that is to say points and questions  common to both causes of action and which were actually adjudicated in the prior litigation.
Florida has traditionally required that there be a mutuality of parties in order for the doctrine to apply. Yovan v. Burdine's, 81 So.2d 555 (Fla. 1955); Prudential Ins. Co. v. Turkal, 528 So.2d 487 (Fla. 3d DCA 1988). Thus, unless both parties are bound by the prior judgment, neither may use it in a subsequent action.
In Romano the question presented was whether a litigant, who was not a party to a prior criminal proceeding that resulted in a judgment of conviction, could use that judgment in a civil proceeding to prevent the same defendant from relitigating the issues resolved in the earlier criminal proceeding. In rejecting the application of collateral estoppel in that case, we stated that "the well established rule in Florida has been and continues to be that collateral estoppel may be asserted only when the identical issue has been litigated between the same parties or their privies." Romano, 450 So.2d at 845.
The only case in which this Court has not strictly adhered to the requirement of mutuality of parties is Zeidwig. In that case, a criminal defendant who had unsuccessfully brought an ineffective assistance of counsel claim in a postconviction proceeding was held to be collaterally estopped from raising the same claim in a legal malpractice action against his former lawyer. We stated:
If we were to allow a claim in this instance, we would be approving a policy that would approve the imprisonment of a defendant for a criminal offense after a judicial determination that the defendant has failed in attacking his conviction on grounds of ineffective assistance of counsel but which would allow the same defendant to collect from his counsel damages in a civil suit for ineffective representation because he was improperly imprisoned. To fail to allow the use of collateral estoppel in these circumstances is neither logical nor reasonable.
Zeidwig, 548 So.2d at 214.
We reject Stogniew's contention that as a result of Zeidwig there is no longer a requirement of mutuality for purposes of collateral estoppel. Zeidwig constituted a narrow exception in which collateral estoppel was permitted in a defensive context and then only under the compelling facts of that case.
Further, we are unwilling to follow the lead of certain other states and of the federal courts in abandoning the requirements of *920 mutuality in the application of collateral estoppel. The same arguments were made and rejected in Romano. We are not convinced that any judicial economies which might be achieved by eliminating mutuality would be sufficient to affect our concerns over fairness for the litigants. We also note that many other courts continue to adhere to the doctrine of mutuality.[2]
Stogniew also contends that the legislature effectively abolished the doctrine of mutuality when it enacted sections 775.089(8) and 772.14, Florida Statutes (1993),[3] which give collateral estoppel effect to criminal convictions in subsequent civil proceedings brought by the victim of the crime. We disagree. The legislature's limited involvement in this arena shows that it only chose to restrict the doctrine of mutuality in a few specifically identified situations. The legislature has not mandated the total abandonment of the mutuality requirement for collateral estoppel in other circumstances.
Finally, Stogniew argues that even if there continues to be a mutuality requirement, collateral estoppel should still apply in her case. She maintains that she was in privity with DPR in the first action because DPR acted as her virtual representative. We find this argument to be without merit. For one to be in privity with one who is a party to a lawsuit or for one to have been virtually represented by one who is a party to a lawsuit, one must have an interest in the action such that she will be bound by the final judgment as if she were a party. Southeastern Fidelity Ins. Co. v. Rice, 515 So.2d 240 (Fla. 4th DCA 1987) ("One not a party to a suit is in privity with one who is where his interest in the action was such that he will be bound by the final judgment as if he were a party."); Aerojet-General Corp. v. Askew, 511 F.2d 710, 719 (5th Cir.), cert. denied, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975) ("A person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative."). While Stogniew was clearly interested in being vindicated by the administrative proceeding, she could not have been bound by the outcome. Therefore, she was not in privity nor was she virtually represented by DPR.[4]
*921 Therefore, we approve the decision of the court below and answer the certified question in the negative.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 491.009(2) provides in relevant part:

The following acts of licensee, certificateholder, or applicant are grounds for which the disciplinary actions ... may be taken:
....
(s) Failing to meet the minimum standards of performance in professional activities when measured against generally prevailing peer performance, including the undertaking of activities for which the licensee or certificateholder is not qualified by training or experience.
[2] A number of jurisdictions still require mutuality for both offensive and defensive collateral estoppel. Jones v. Blanton, 644 So.2d 882 (Ala. 1994); Stiltjes v. Ridco Exterminating Co., 197 Ga. App. 852, 399 S.E.2d 708 (1990), aff'd, 261 Ga. 697, 409 S.E.2d 847 (1991); Molokai Homesteaders Co-op Ass'n v. Cobb, 63 Haw. 453, 629 P.2d 1134 (1981); McDermott v. Kansas Pub. Serv. Co., 238 Kan. 462, 712 P.2d 1199 (1986); City of Louisville v. Louisville Professional Firefighters Ass'n, 813 S.W.2d 804 (Ky. 1991); Safeco Ins. Co. v. Palermo, 436 So.2d 536 (La. 1983); Hofsommer v. Hofsommer Excavating, Inc., 488 N.E.2d 380 (N.D. 1992); Goodson v. McDonough Power Equipment, 2 Ohio St.3d 193, 2 OBR 732, 443 N.E.2d 978 (1983); Oklahomans for Life, Inc. v. State Fair of Oklahoma, Inc., 634 P.2d 704 (Okla. 1981); Dickerson v. Godfrey, 825 S.W.2d 692 (Tenn. 1992); Reid v. Ayscue, 246 Va. 454, 436 S.E.2d 439 (1993). Several other jurisdictions, while having relaxed mutuality in certain defensive collateral estoppel contexts, nevertheless have not abandoned mutuality for offensive collateral estoppel. Fisher v. Jones, 311 Ark. 450, 844 S.W.2d 954 (1993); Hogan v. Bright, 214 Ark. 691, 218 S.W.2d 80 (1949); Maryland Casualty Co. v. Messina, 874 P.2d 1058 (Colo. 1994); C.F. & I. Steel Corp. v. Charnes, 637 P.2d 324 (Colo. 1981); Van Milligan v. Board of Fire & Police Comm'rs, 158 Ill.2d 85, 196 Ill.Dec. 665, 630 N.E.2d 830 (1994); Lichon v. American Universal Ins. Co., 435 Mich. 408, 459 N.W.2d 288 (1990); Thomas M. McInnis & Assocs., Inc. v. Hall, 318 N.C. 421, 349 S.E.2d 552 (1986).
[3] Section 775.089(8) provides:

The conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding. An order of restitution hereunder will not bar any subsequent civil remedy or recovery, but the amount of such restitution shall be set off against any subsequent independent civil recovery.
Section 772.14 provides:
A final judgment or decree rendered in favor of the state in any criminal proceeding concerning the conduct of the defendant which forms the basis for a civil cause of action under this chapter, or in any criminal proceeding under chapter 895, shall estop the defendant in any action brought pursuant to this chapter as to all matters as to which such judgment or decree would be an estoppel as if the plaintiff had been a party in the criminal action.
[4] McQueen makes two additional arguments which we find it unnecessary to address: (1) There was not an identity of issues in the administrative proceeding and the negligence action; and (2) because an administrative proceeding lacks the dignity and safeguards of a jury trial, an order entered in the first should never serve to collaterally estop a party to the second.