PER CURIAM.
We reverse an order denying Appellant’s motion for a deficiency judgment following a' judgment of foreclosure in favor of Appellant’s predecessor in interest, the Federal Deposit Insurance Corporation (FDIC).
The trial court rejected Appellant’s claim to the deficiency on the basis of an equitable estoppel defense that had not been raised in the pleadings. Additionally, the court’s decision is founded on certain testimony that the court had agreed to admit only for a totally separate and specified purpose.
The last minute defense is a claim that an FDIC agent had orally agreed not to seek a deficiency judgment if Thompson would assist in locating buyers. However, the trial court had earlier specified that Thompson’s otherwise excluded testimony would only be considered by the court with regard to fixing *678 a value on the property. Appellant had no reason to anticipate that the court might consider Thompson’s testimony as proof of a defense that was not raised in the pleadings[1], and based on testimony that was admitted solely for a specifically limited purpose, without at least affording Appellant notice and the opportunity to challenge it and offer rebuttal.
A trial court’s discretion with regard to granting or denying a deficiency, although entitled to great weight, is not absolute. Cf Carlson v. Becker, 45 So.2d 116 (Fla.1950); Mizner Bank v. Adib, 588 So.2d 325 (Fla. 4th DCA 1991); F.D.I.C. v. Hy Kom Dev. Co., 603 So.2d 59 (Fla. 2d DCA 1992), rev. denied, 618 So.2d 209 (Fla.1993).
As we cannot conclude as a matter of law that there was no oral commitment by the FDIC, or detrimental reliance on such a commitment if made, we remand for a new deficiency hearing as to all issues.
GUNTHER, C.J., STONE and SHAHOOD, JJ., concur.

. Appellee does not contend that the pleadings were amended to conform to the evidence.