687 So.2d 16 (1996)
Waqar Ahmad (Mickey) KHAN, and Ammar Ahmad Khan, Appellants,
v.
SIMKINS INDUSTRIES, INC., Successor to Westfield Financial Corp., d/b/a Westfield Financial, Appellees.
No. 95-3129.
District Court of Appeal of Florida, Third District.
December 11, 1996.
*17 Lee H. Schillinger and John A. Brekka, Jr., Hollywood, for appellants.
Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Alan T. Dimond; Silvere & Waldman and Edward A. Licitra and Patricia Silver, Miami, for appellees.
Before BARKDULL, NESBITT and GERSTEN, JJ.

CORRECTED OPINION
BARKDULL, Judge.
Waquar and Ammar Khan appeal the final judgment of the trial court which found them liable as personal guarantors on promissory notes and mortgages which secured money loaned to WAK, Limited, Inc. by Simkins Industries. Simkins Industries, Inc. crossappeals from the valuation of the property for purposes of determining the amount of the deficiency judgment. We affirm the appeal and the cross-appeal.
Waqar Khan and Ammar Khan were the president and vice-president, respectively, of WAK Limited. In a prior proceeding, Simkins Industries sued WAK Limited to foreclose upon the notes and mortgages. Waqar and Ammar Khan were parties to that proceeding in their capacities as corporate officers. The foreclosure was affirmed by this court in WAK Limited, Inc. v. Simkins Indus., Inc., 658 So.2d 571 (Fla. 3d DCA 1995).
The first issue raised by Waqar and Ammar Khan in this appeal relates to the judicial estoppel effect of the prior foreclosure action. The Khans argue that the trial court erred in failing to dismiss the current suit on the personal guaranties as being judicially estopped by the judgment of foreclosure because they were in privity with WAK, Limited. We disagree.
The foreclosure action, was an in rem proceeding against the corporation. Collateral estoppel, also known as judicial estoppel, prevents identical parties from relitigating the same issues that have previously been fully litigated. Department of Health & Rehab. Servs. v. B.J.M., 656 So.2d 906 (Fla.1995), citing Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla.1977). "In dealing with the identities of parties, collateral estoppel requires that the `real parties in interest' be identical." R.D.J. Enter., Inc. v. Mega Bank, 600 So.2d 1229, 1231 (Fla. 3d DCA 1992); Keesee v. Estate of Neely, 498 So.2d 1026, 1027 (Fla. 2d DCA 1986) (estoppel by judgment requires that the real parties in interest in each action be identical). Florida, unlike the federal courts, for example, has traditionally required that there be a mutuality of parties in order for the doctrine to apply. Stogniew v. McQueen, 656 So.2d 917, 919 (Fla.1995). Mutuality of parties means that those who were neither parties to the prior action nor in privity with a party are not bound by the results of that litigation. Trucking Employees of North Jersey Welfare Fund, Inc., v. Romano, 450 So.2d 843, 845 (Fla.1984). "For one to be in privity with one who is a party to a lawsuit, ... one must have an interest in the action such that she will be bound by the final judgment as if she were a party." Stogniew, 656 So.2d at 920. Unless both parties are bound by the prior judgment, neither may use it in a subsequent action. Id. at 919.
In the foreclosure action Waqar and Ammar Khan were sued as corporate officers. The judgment of foreclosure was against the *18 corporation. As officers, the Khans were not personally liable for the debts of the corporation. Their personal liability did not attach until they were sued on the personal guaranties, an in personam action. As a result, it cannot be said that they were "bound by the final judgment [of foreclosure] as if [they] were parties". Stogniew. Thus, the identities of the real parties in interest requirement is missing and judicial estoppel cannot apply.
As their second issue on appeal, the Khans argue that the trial court erred in its valuation of the foreclosed property for purposes of determining whether a deficiency existed and if so, the amount. Simkins Industries makes a version of this same argument, albeit from its own perspective, on its cross-appeal. It is a long standing legal principle that the granting of a deficiency decree is discretionary with the trial court; such discretion is not absolute and unbridled, but rather one which must be supported by established equitable principles as applied to the facts of the case. Carlson v. Becker, 45 So.2d 116 (Fla.1950) (finding an abuse of discretion in the determination of the amount of the deficiency); Kornfeld v. Diaz, 634 So.2d 799 (Fla. 4th DCA 1994) (denial of deficiency on these facts an abuse of discretion); sec. 702.06, Fla.Stat. (1993). The exercise of the trial court's discretion allows inquiry into the reasonable and fair market value of the property, the reasonableness of the price at the foreclosure and other equitable considerations. Federal Deposit Ins. Corp. v. Hy Kom Dev. Co., 603 So.2d 59, 61 (Fla. 2d DCA 1992) (trial court failed to set forth facts and circumstances to support finding on value of property). "The correct formula to calculate a deficiency judgment is the total debt, as secured by the final judgment of foreclosure, minus the fair market value of the property, as determined by the court." Morgan v. Kelly, 642 So.2d 1117 (Fla. 3d DCA 1994) (court used incorrect formula, resulting in an award for less than the full amount due). We have carefully studied the record in this case and we find no abuse of discretion by the trial court in its determination of the amount due as the deficiency judgment. Therefore, both the main appeal and the cross-appeal are affirmed.
Affirmed.