737 So.2d 1114 (1999)
Yolanda RAMSEY, Appellant,
v.
William S. JONASSEN, Esquire Appellee.
No. 98-00776.
District Court of Appeal of Florida, Second District.
May 28, 1999.
William H. Winters of Richard Mulholland and Associates, Tampa, for Appellant.
William S. Jonassen, pro se.
CAMPBELL, Acting Chief Judge.
In this legal malpractice action Appellant filed against Appellee attorney, William S. Jonassen, Appellant challenges the trial court order finding that she had waived her claim against Appellee by failing to disclose that claim in her bankruptcy action. We agree with Appellant that her failure to disclose that claim in the bankruptcy action did not judicially estop her from raising it later in circuit court. Accordingly, we reverse.
Appellant retained Appellee to assist her in shielding from judgment creditors certain *1115 stocks that were to be issued to her. However, contrary to Appellee's assurances, when the stock certificates were issued to Appellant and her husband, they were titled in such a way that the judgment creditors were able to, and did, levy upon and seize them. Appellant's motion to set aside the levy was denied, and this court per curiam affirmed that denial on appeal. Appellant then filed this malpractice action against Appellee. The trial court granted Appellee's motion for summary judgment based on the statute of limitations. Appellant appealed, and this court reversed, holding that Appellant's malpractice claim did not accrue until the date of this court's earlier decision that the stock had been titled in such a way as to allow the levy. Ramsey v. Jonassen, 698 So.2d 581 (Fla. 2d DCA 1997). On remand, Appellee then filed a motion for final summary judgment, arguing that Appellant had waived her malpractice claim by failing to disclose that claim to the bankruptcy court in a Chapter 11 bankruptcy proceeding she had filed before she filed the malpractice action against Appellee. The trial court granted Appellee's motion for summary judgment, not on the theory that any bankruptcy law barred her claim, but on the theory of judicial estoppel.
Although the trial court found that the doctrine of judicial estoppel precluded Appellant from bringing her malpractice action, judicial estoppel does not apply here. Judicial estoppel and other recognized forms of estoppel are often confused and spoken of interchangeably. See Khan v. Simkins Industries, Inc., 687 So.2d 16 (Fla. 3d DCA 1996); V.I.P. Real Estate Corp. v. Florida Executive Realty Management Corp., 650 So.2d 199 (Fla. 4th DCA 1995). Judicial estoppel is not a principle that has been fully developed in Florida law. See Nunez v. Gonzalez, 456 So.2d 1336, 1338 n. 3 (Fla. 2d DCA 1984). With regard to judicial estoppel, Am. Jur.2d Estoppel and Waiver § 71, pg. 700, states:
§ 71. Sworn statements and `judicial estoppel.'
The term `judicial estoppel' is sometimes used to indicate estoppel arising from sworn statements made in the course of judicial proceedings. It may be called `estoppel by oath.' It is a general rule that a party is bound by his judicial declarations and may not contradict them in a subsequent action or proceeding, where the prior and subsequent litigations involve the same parties, and where one party has relied on the former testimony and changed his position by reason of it.
There is some difference of opinion, however, as to how far this rule applies where sworn statements made in one action or proceeding are relied upon to create an estoppel in a subsequent action or proceeding between other parties. According to the courts of one jurisdiction, as a general rule, where an individual who is under oath in a previous pleading, deposition, or oral testimony, states that a given fact is true, he will not be permitted to deny that fact in a subsequent litigation, even though the parties may not be the same. There are a few cases in other jurisdictions that support this view to a greater or lesser degree, although some of them, at least, may be explained as involving other elements of estoppel. According to the predominant view, however, a person is not estopped by previous sworn statements made by him as against a stranger to the action or proceeding in which they were made unless some other element is present as a basis for the estoppel.
While our Florida courts have not clearly outlined the parameters of the application of judicial estoppel, we believe the view as expressed above in American Jurisprudence is the better and correct view and is supported by language in several Florida cases. See Chase & Co. v. Little, 116 Fla. 667, 156 So. 609, 610 (1934), where our supreme court stated as follows:
The rule applicable to judicial estoppel is stated in 21 C.J. 1228 et seq., as follows:

*1116 A claim made or position taken in a former action or judicial proceeding will, in general, estop the party to make an inconsistent claim or to take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party.
In order to work an estoppel, the position assumed in the former trial must have been successfully maintained. In proceedings terminating in a judgment, the positions must be clearly inconsistent, the parties must be the same and the same questions must be involved. So, the party claiming the estoppel must have been misled and have changed his position; and an estoppel is not raised by conduct of one party to a suit, unless by reason thereof the other party has been so placed as to make it to act in reliance upon it unjust to him to allow that first party to subsequently change his position. There can be no estoppel where both parties are equally in possession of all the facts pertaining to the matter relied on as an estoppel; where the conduct relied on to create the estoppel was caused by the act of the party claiming the estoppel, or where the positions taken involved solely a question of law.
See also Dunne v. Somoano, 550 So.2d 5 (Fla. 3d DCA 1989); Khan v. Simkins, 687 So.2d 16 (Fla. 3d DCA 1996); Moore v. State, Dept. of Revenue, 536 So.2d 1050 (Fla. 1st DCA 1988).
Thus, judicial estoppel is used to prevent a party from raising a claim that should have been raised in another action, and the failure to raise it was relied upon by a third party to his or her detriment. Since Appellee here was not a creditor in the bankruptcy action, and he did not vote in favor of the reorganization in reliance on the absence of any possible "set off," he cannot claim to have relied on Appellant's failure to disclose the malpractice claim in her bankruptcy action. Accordingly, judicial estoppel does not apply here, and Appellant is not precluded on that basis from later bringing her malpractice claim. See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 418 (3d Cir.1988) ("Oneida's failure to announce this claim against a creditor precludes it from litigating the cause of action at this time").
Reversed.
THREADGILL and BLUE, JJ., Concur.