773 So.2d 1243 (2000)
Edward C. VINING, Jr., Appellant,
v.
Howard I. SEGAL, Bernice Yellen as Personal Representative of the Estate of Lorraine K. Segal, and Commercial Bank of Florida, Appellees.
No. 3D00-1871.
District Court of Appeal of Florida, Third District.
December 13, 2000.
Edward C. Vining, Jr., in proper person.
Gary S. Glasser, Miami, for appellee Howard I. Segal.
Before JORGENSON and SHEVIN, JJ., and NESBITT, Senior Judge.
SHEVIN, J.
We reverse the order dismissing the proceedings to enforce a judgment and dissolving the writs of garnishment, as the trial court erred in relying on the doctrine of judicial estoppel. That doctrine does not support the order: Howard I. Segal did not detrimentally rely on Edward C. Vining's failure, in Vining's bankruptcy action, to disclose an asset, namely a judgment against Segal. The failure to disclose an asset in a bankruptcy action does not justify the application of judicial estoppel in a subsequent action absent a showing of detrimental reliance. See Ramsey v. Jonassen, 737 So.2d 1114 (Fla. 2d DCA 1999). "[T]he party claiming the estoppel must have been misled and have changed his position; and an estoppel is not raised by conduct of one party to a suit, unless by reason thereof the other party has been so placed as to make it to act in reliance upon it unjust to him to allow that first party to subsequently change his position." Id. at 1116 (quoting Chase & Co. v. Little, 116 Fla. 667, 156 So. 609, 610 (1934)). Accordingly, Vining is entitled to proceed in enforcing the judgment against Segal.
Reversed and remanded.