953 So.2d 637 (2007)
Bryant TROVILLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4016.
District Court of Appeal of Florida, Fourth District.
March 28, 2007.
Rehearing Denied May 8, 2007.
*638 Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was found to be a sexually violent predator under the Jimmy Ryce Act and argues that the trial court erred in admitting testimony of therapists, which he contends was privileged. He also argues that the court erred in prohibiting him from denying his guilt of the underlying crimes, which were convictions based on guilty pleas. We affirm.
Appellant was scheduled to be released in 1999 from incarceration for multiple convictions for armed sexual battery, which had occurred in 1988. His argument that the trial court should not have admitted the testimony of therapists begins with the fact that, when the state filed a petition for his commitment under the Ryce Act, it was just before the Act was amended and renumbered from sections 916.32-916.49, Florida Statutes to sections 394.910-394.931, Florida Statutes. Chapter 99-222, § 3, Laws of Fla. (1999). After the amendment the trial court granted the state's motion to amend the petition to proceed under the amended statute, which contained a new provision eliminating the psychotherapist-patient privilege in Ryce Act proceedings. § 394.9155. Appellant argues that the elimination of the privilege is substantive, not procedural, and cannot be applied in this case. We need not reach that argument because we conclude that there was no privilege for these communications before the amendment.
*639 The psychotherapist-patient privilege is found in our evidence code, section 90.503; however, there is a specific exception provided in section 90.503(4)(a):
(4) There is no privilege under this section:
(a) For communications relevant to an issue in proceedings to compel hospitalization of a patient for mental illness, if the psychotherapist in the course of diagnosis or treatment has reasonable cause to believe the patient is in need of hospitalization.
In Westerheide v. State, 831 So.2d 93, 102 (Fla.2002), our supreme court noted that this exception applied to the Baker Act, which provides for involuntary commitment of a person who is mentally ill and there is "a substantial likelihood that without care or treatment the person will cause serious bodily harm . . . to others in the near future." § 394.463, Fla. Stat. (1998). The definitions in the Ryce Act, section 394.912(4) and (5) provide:
(4) "Likely to engage in acts of sexual violence" means the person's propensity to commit acts of sexual violence is of such a degree as to pose a menace to the health and safety of others.
(5) "Mental abnormality" means a mental condition affecting a person's emotional or volitional capacity which predisposes the person to commit sexually violent offenses.
Those definitions were unchanged from the earlier version of the Ryce Act. § 916.32(4) and (5), Fla. Stat. (1998). There are enough similarities between the definition of mental illness under the Baker Act, and "mental abnormality" under the Ryce Act, to lead us to conclude that the communications to the therapists in this case fell within the section 90.503(4)(a) exception and were not privileged.
Appellant next argues that section 394.9155, entitled "Rules of procedure and evidence," which was not in the original Ryce Act, and which, in section 394.9155(5), allows hearsay evidence, should not have been applied by the trial court. Appellant argues that this cannot be applied retroactively because it is substantive rather than procedural. In Glendening v. State, 536 So.2d 212 (Fla.1988), our supreme court held that a statute permitting the admission in evidence of hearsay statements by child sexual abuse victims could be applied retroactively, because it was procedural, not substantive. Applying the same reasoning here, we conclude that the trial court properly applied the new statute.
Appellant next argues that the court erred in not allowing him to contest the fact that he had committed the crimes. As we noted earlier, appellant entered a plea of guilty to the crimes, and the trial court ruled that he could not now deny his guilt because of the rule of collateral estoppel. Kelly v. Dep't of Health & Rehabilitative Servs., 610 So.2d 1375, 1377 (Fla. 2d DCA 1992) ("where a judgment of conviction is based upon a guilty plea . . . a defendant is estopped from denying his guilt of the subject offense in a subsequent civil action."). Appellant's contention that collateral estoppel does not apply because this case does not involve the identical issue being litigated between the same parties, Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla.1984), is without merit. Although an involuntary commitment under the Ryce Act requires proof of additional elements, besides the prior criminal conviction of a sexually violent offense, that does not preclude the application of collateral estoppel, which applies to issues, unlike res judicata, which applies to causes of action. Romano, 450 So.2d at 845.
*640 Nor can we agree with appellant's argument that his plea was the equivalent of a no contest plea, which does not constitute an admission of guilt for purposes of collateral estoppel. Appellant entered a plea of guilty which contained a protestation of innocence. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In Blohm v. Commissioner, 994 F.2d 1542, 1554 (11th Cir.1993), the court explained why an Alford plea can result in an application of collateral estoppel:
Once accepted by a court, it is the voluntary plea of guilt itself, with its intrinsic admission of each element of the crime, that triggers the collateral consequences attending that plea. Those consequences may not be avoided by an assertion of innocence. As long as the guilty plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant, see Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969), and a sufficient factual basis exists to support the plea of guilt, see Fed.R.Crim.P. 11(f), the collateral consequences flowing from an Alford plea are the same as those flowing from an ordinary plea of guilt.
We have considered the remaining issues raised by appellant and find them to be without merit.
Affirmed.
HAZOURI and MAY, JJ., concur.