[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11797
Non-Argument Calendar

_____

D.C. Docket No. 4:17-cv-00502-WS-CAS

ADA ALBORS GONZALEZ,
a.k.a. Ada Albors-Gonzales,
a.k.a. Ada Albors,
a.k.a. Ada A. Gonzalez,
a.k.a. Ada A. Gonzale,

                                                      Plaintiff-Appellant,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Corporation Organized and Existing
Under the Laws of the United States of America,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 14, 2021)

Before WILSON, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Ada Albors Gonzalez, proceeding pro se,[1] appeals the district court's dismissal of her civil action against the Federal National Mortgage Association ("Fannie Mae"). No reversible error has been shown; we affirm.

I.      Background

Plaintiff filed this civil action in Florida state court in August 2017. Briefly stated, Plaintiff alleged that Fannie Mae committed fraud during the already ongoing state-court foreclosure proceedings on Plaintiff's home in Winter Park, Florida. Plaintiff said that Fannie Mae acted fraudulently in these ways: (1) by initiating foreclosure proceedings and by moving for default judgment without properly serving Plaintiff; (2) by stating falsely in an affidavit of "constructive service/diligent search" that Plaintiff's whereabouts were unknown; (3) by presenting to the state court a fraudulent judgment lien against Plaintiff's property;

---

[1] We read liberally briefs filed by pro se litigants. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

(4) by concealing intentionally from Plaintiff the filing of the foreclosure complaint and the state court's entry of default judgment; and (5) by filing "sham" motions, including a motion for entry of an order requiring Plaintiff to make mortgage payments during the foreclosure proceedings.  As relief, Plaintiff sought money damages of $570,000.

Fannie Mae removed the case to federal district court based on diversity jurisdiction.  The district court stayed the case pending resolution of the state foreclosure proceedings.

The state court issued a final judgment of foreclosure against Plaintiff in April 2019 ("2019 Foreclosure Judgment").  According to the 2019 Foreclosure Judgment, Plaintiff owed over $354,000 in unpaid mortgage payments, attorneys' fees, and costs.  The state court advised that failure to pay the amount due by the specified time would result in the public sale of Plaintiff's property.  The state court also stated that "[s]ervice of process has been duly and regularly obtained over" Plaintiff and that "[p]roof of such service is in the Court file."  In June 2019, Plaintiff's property was sold to a third party at auction.

In March 2020, the district court dismissed with prejudice -- as barred by the Rooker-Feldman[2] doctrine -- Plaintiff's complaint in this case.  The district court

---

[2] Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

concluded that it lacked jurisdiction to consider Plaintiff's challenges to the state

foreclosure proceedings.  This appeal followed.

II.     Discussion

We review de novo a district court's dismissal under the Rooker-Feldman

doctrine.  See Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1069 (11th

Cir. 2013).

The district court, in relying on the Rooker-Feldman doctrine, did err when

it dismissed Plaintiff's complaint.  The Rooker-Feldman doctrine applies only in

"cases brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments."  Exxon Mobil Corp. v.

Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Rooker-Feldman is

inapplicable when -- as in this case -- a federal civil action is filed before the

related state-court proceedings have ended.  See id.; Nicholson v. Shafe, 558 F.3d

1266, 1274 (11th Cir. 2009).

Nevertheless, we conclude Plaintiff's fraud claim is barred by principles of

res judicata; the dismissal was justified; and we affirm the dismissal of Plaintiff's

complaint on alternative grounds. For background, see Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017) ("[W]e may affirm on any ground supported by the record, regardless of whether that ground was relied on or considered below."); Green v. Jefferson Cty. Comm'n, 563 F.3d 1243, 1249 (11th Cir. 2009) (concluding that the district court misapplied Rooker-Feldman but that dismissal of the complaint was appropriate under the doctrine of res judicata).

In determining whether a state-court judgment bars later federal litigation, we apply the principles of res judicata (or claim preclusion) of the law of the pertinent state. See Green, 563 F.3d at 1252.

Under Florida's res judicata doctrine, "a final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well as those issues that could have been litigated." Engle v. Liggett Grp., Inc., 945 So. 2d 1246, 1259 (Fla. 2006). The Florida Supreme Court has explained the doctrine this way:

> A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

Id. (emphasis omitted).

5

That the 2019 Foreclosure Judgment constituted a judgment by a court of competent jurisdiction and that the state foreclosure proceedings involved the same parties as (or those in privity with) the parties to this civil action is clear.[3]

In this civil action, Plaintiff asserts that Fannie Mae obtained favorable judgments in the state foreclosure proceedings through fraudulent conduct. These allegations of fraud are claims that could have been raised -- and in fact were raised -- in the state foreclosure proceedings. On 21 August 2017 (the same day Plaintiff filed this civil action), Plaintiff moved the state court to set aside the default judgment entered against Plaintiff's "Unknown Spouse."[4]  In that motion, Plaintiff argued -- as she does in this case -- that Fannie Mae committed fraud (1) by failing properly to serve Plaintiff with the initial complaint and with the motion for default judgment, (2) by stating falsely in the affidavit of diligent search that Plaintiff's whereabouts were unknown; (3) by concealing from Plaintiff the

---

[3] Fannie Mae initiated the state foreclosure proceedings against Plaintiff in April 2016. Although other entities were later substituted as the plaintiff in the foreclosure action, those entities are in privity with Fannie Mae. See Stogniew v. McQueen, 656 So. 2d 917, 920 (Fla. 1995) ("For one to be in privity with one who is a party to a lawsuit . . . one must have an interest in the action such that she will be bound by the final judgment as if she were a party."); Fla. Stat. § 702.036(2)(b) (for purposes of finality of a mortgage foreclosure judgment, all past and present owners or holders of the loan being foreclosed are considered affiliated with the foreclosing lender).

[4] The pertinent documents from Plaintiff's state foreclosure proceedings were attached to Fannie Mae's motion to dismiss and, thus, were properly before the district court. In any event, we may take judicial notice of documents filed publicly in state court litigation. See U.S. ex rel. Osheroff, 776 F.3d 805, 811-12 & n.4 (11th Cir. 2015).

6

motion for default and the entry of default judgment; and (4) by filing a "sham" motion for entry of an order directing payment during the pendency of the foreclosure proceedings.

In the 2019 Foreclosure Judgment, the state court rejected expressly Plaintiff's challenges to the sufficiency of service of process. By entering judgment against Plaintiff, the state court also rejected implicitly Plaintiff's allegations that Fannie Mae had committed fraud during the course of the foreclosure proceedings.

Because the allegations of fraud raised in this case have already been raised and rejected in the state foreclosure proceedings, Plaintiff is now barred as a matter of law from raising her fraud claim in federal court. We affirm the dismissal with prejudice of Plaintiff's complaint.

AFFIRMED.