PER CURIAM.
The petition for a writ of certiorari is denied based upon the respondent’s concession, which we accept, that any factual determinations made in the non-jury mortgage foreclosure action will have no res judicata or collateral estoppel effect as to any of the issues to be determined by the jury on the petitioners’ third-party complaint against the FDIC as receiver. See McGregor v. Provident Trust Co., 119 Fla. 718, 733, 162 So. 323, 329 (1935); Couch Constr. Co. v. Florida Dep't of Transp., 537 So.2d 631, 632 (Fla. 1st DCA 1988), rev. denied, 545 So.2d 1366 (Fla.1989); Restatement (Second) of Judgments § 36(2) (1982); see also Langley v. FDIC, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987); Beighley v. FDIC, 868 F.2d 776, 783 (5th Cir.1989); Trigo v. FDIC, 847 F.2d 1499 (11th Cir.1988); FDIC v. La Rambla Shopping Center, 791 F.2d 215, 218-21 (1st Cir.1986); American Surety Co. v. Normandy State Bank, 237 Mo.App. 39, 167 S.W.2d 436 (1943). Given this concession, we conclude that the petitioners’ right to a jury trial on the third-party complaint was not violated below by scheduling the mortgage foreclosure action for trial before the trial on the third-party complaint. Compare Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982).
Certiorari denied.