600 So.2d 1229 (1992)
R.D.J. ENTERPRISES, INC., a Florida corporation, d/b/a Mac's Lawnmower Service d/b/a Mac's Lawn and Turf Equipment, Appellant,
v.
MEGA Bank and Charles Kantor, Appellees.
No. 90-1086.
District Court of Appeal of Florida, Third District.
June 9, 1992.
*1230 Garfield & Associates, and Neil F. Garfield, Fort Lauderdale, for appellant.
Kantor & Sapurstein, and Bertram A. Sapurstein, Miami, for appellee Mega Bank.
Buchbinder & Elegant, and Monica I. Salis, Miami, for appellee Charles Kantor.
Before FERGUSON, GERSTEN and GODERICH, JJ.
PER CURIAM.
Appellant, R.D.J. Enterprises, Inc. (RDJ), appeals a final order dismissing its counterclaim against appellee, Mega Bank (Mega Bank), and its third party complaint against appellee, Charles Kantor (Kantor). We affirm.
Mega Bank filed two actions against RDJ arising from RDJ's nonpayment of a debt. The debt was secured by a security agreement on inventory, personal guarantees by officers of RDJ, a second mortgage on real property, and evidenced by a promissory note. Mega Bank sought replevin of the inventory in one action and foreclosure of the real property in the other.
RDJ filed a counterclaim against Mega Bank, and a third party complaint against Kantor, Mega Bank's president, in the replevin action. Prior to trial, RDJ twice sought to consolidate the actions in order "to avoid the possibility of inconsistent findings of fact, duplicative discovery and to avoid unnecessary attorney's fees."
In a motion for leave to file a counterclaim against Mega Bank, RDJ sought to file the same counterclaim in the foreclosure action previously filed in the replevin case:
Should [the] Judge ... however deny [RDJ]'s motion to transfer the replevin action to this Court's division, it will be *1231 necessary for said [RDJ] to have leave from this Court to file the same counterclaim in this action which currently exists in the replevin action. [Emphasis added].
In a motion to consolidate the foreclosure action with the replevin action, RDJ alleged:
In the instant lawsuit, [RDJ] has filed Affirmative Defenses of payment, accord and satisfaction, proration, offset, estoppel, and latches [sic] which are the same issues and defenses to be litigated in the replevin action in the previously filed lawsuit. As such, both cases involve the similar factual background and utilize the same theories of law for [RDJ]'s defenses in both actions. [Emphasis added].
In its motion for leave to file third party complaint, RDJ again alleged the similarity of the facts and issues in both cases:
That the factual background and issues involved in the third-party action are the same as those in the replevin and foreclosure action currently before this Court.
The motion to consolidate was denied, and trial in the foreclosure action began.
Even though RDJ's motions for consolidation, for leave to file a counterclaim, and for leave to file a third party complaint in the foreclosure action were denied, at trial, RDJ nonetheless raised the same defenses and issues raised in the replevin action. RDJ's various defenses raised the "core" argument that the promissory note was not in default because Mega Bank verbally agreed to forbear collection on the defaulted note.
RDJ's action against Kantor alleged that Kantor improperly instructed the bank officers to repudiate the alleged oral agreement to forbear. In the replevin action, RDJ contended that Mega Bank incorrectly disposed of the replevied assets. The parties litigated these issues fully at the foreclosure trial.
After a six day trial, the trial court made findings of fact: (1) that RDJ had failed to pay Mega Bank the balance due under the note; (2) that Mega Bank extended a renewal to RDJ which RDJ failed and refused to execute; (3) that there had been no oral agreement between the bank and RDJ to forbear collection on the note; and, (4) that the replevin of RDJ's assets had been disposed of in a reasonable manner. No appeal was taken by RDJ in the foreclosure action.
Because Kantor was not a party to the foreclosure action, RDJ contends that dismissal of the third party complaint against Kantor was improper (on preclusion principles of collateral estoppel, and res judicata). We find no merit in that contention.
Collateral estoppel prevents identical parties from relitigating issues that have previously been fully litigated and which resulted in a final decision of a court with competent jurisdiction. Mobil Oil Corporation v. Shevin, 354 So.2d 372 (Fla. 1977); Gordon v. Gordon, 59 So.2d 40 (Fla. 1952), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952).
In dealing with the identities of the parties, collateral estoppel requires that the "real parties in interest" be identical. Seaboard Coast Line Railroad Company v. Cox, 338 So.2d 190 (Fla. 1976). However, RDJ's reliance on Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984) is unfounded:
However, the well established rule in Florida has been and continues to be that collateral estoppel may be asserted only when the identical issue has been litigated between the same parties or their privies. [Emphasis added.]
Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d at 845.
RDJ seeks to evade the privity relationship by asserting that it sued Kantor as attorney for the bank  not as the bank's president. The distinction eludes us.
RDJ sued Kantor for actions which Kantor took in his capacity as president of *1232 Mega Bank. RDJ's complaint stated that Kantor did not abide by a previous alleged oral agreement to forbear. Further, RDJ contended Kantor had a conflict of interest since he was the bank's president and a partner in the law firm representing the bank.
RDJ relies on General Storage Corp. v. Federal Deposit Insurance Corp., 576 So.2d 768 (Fla. 3d DCA 1991), a case containing an action for foreclosure and a third party counterclaim. However, in General Storage, the parties entered into an agreed order to try the counterclaim separately from the foreclosure. The effect of that agreed order, was that there was an issue whether the third party, a nonparty to the foreclosure action, would be bound by the findings of the court in that action. Thus, General Storage does not apply here.
Further, there is no third party in this case. Here, Kantor was sued for acts which he performed while president of a party to the litigation. Regardless of which officer of the bank RDJ sought to sue, Mega Bank was the real party in interest. See, e.g., Atlantic Cylinder Corp. v. Hether, 438 So.2d 922 (Fla. 1st DCA 1983), review denied, 447 So.2d 885 (Fla. 1984).
In the foreclosure action, the trial court found that there was no agreement to forbear. Accordingly, Kantor cannot be liable for failing to abide by an agreement which the court found to be nonexistent. Assuming arguendo, that such agreement existed, Kantor cannot be personally liable for a decision which he undertook as president of the bank, for the benefit of the bank. Even if Kantor undertook that decision as the attorney for the bank, such a legal decision to assert a legal right of his "client" is not actionable by RDJ, a third party. See Vergahen v. Arroyo, 552 So.2d 1162 (Fla. 3d DCA 1989), review denied, 574 So.2d 144 (Fla. 1990).
RDJ also contends that it was deprived of a jury trial on the replevin action because collateral estoppel was applied in the equitable foreclosure action. RDJ relies on Spring v. Ronel Refining Inc., 421 So.2d 46 (Fla. 3d DCA 1982).
In Spring v. Ronel, a defendant in an equitable foreclosure action raised a counterclaim for fraud and misrepresentation and requested a jury trial. When the trial court set the entire cause for non-jury trial, the defendant sought a writ of certiorari to prevent the court from trying the issues together, non-jury.
Here, RDJ insisted on trying the issues together. Here, it was RDJ who tried all the issues in the replevin case. Here, RDJ has the temerity to complain about their own actions:
Any right, fact or matter in issue and directly adjudicated, where necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated by the same parties and their privies, whether the claim, demand, purpose or subject matter of the two suits is the same or not.
In re Constructors of Florida, Inc., 349 F.2d 595 (5th Cir.1965) cert. denied, 383 U.S. 912, 86 S.Ct. 886, 15 L.Ed.2d 667 (1966); see also, Blonder-tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).
Accordingly, we affirm.
GERSTEN and GODERICH, JJ., concur.
FERGUSON, Judge (dissenting).
R.D.J. Enterprises, Inc. (RDJ), the appellant, was the defendant/debtor in two separate lawsuits filed by appellee, Mega Bank. Both suits, a foreclosure action and a replevin action, involved RDJ's alleged failure to pay a debt reflected in a promissory note secured by a security agreement, a guarantee, and a second mortgage.
In addition to its answers and affirmative defenses, RDJ filed a counterclaim and *1233 request for jury trial in the replevin action as well as a third-party claim against appellee Charles Kantor which alleged that Kantor, an officer of Mega Bank, and a principal of the law firm which represented Mega Bank, filed the two actions against RDJ for the purpose of benefitting his law firm. RDJ subsequently filed a motion to consolidate the foreclosure and replevin actions, contending that the legal issues should first be tried by jury. The motion was denied, and the foreclosure action proceeded to trial. A final judgment of foreclosure was entered in favor of Mega Bank.
Following the entry of the final judgment of foreclosure, both Mega Bank and Kantor filed motions to dismiss the replevin action on the basis of preclusion by collateral estoppel or res judicata. The trial court granted Mega Bank's motion to dismiss the counterclaim with prejudice finding that it had already heard and determined the material issues of fact in the foreclosure action. The court similarly granted Kantor's motion to dismiss RDJ's third-party complaint with prejudice on the basis that it had already heard and tried those issues in the foreclosure action.
On appeal, RDJ contends, among other things, that the court erred in dismissing the third-party complaint against Kantor on preclusion principles because Kantor was not a party to the foreclosure action which was previously ruled on by the court. There is merit to that contention. According to General Storage Corp. v. Federal Deposit Ins. Corp., 576 So.2d 768 (Fla. 3d DCA 1991), determinations made in an equitable action for foreclosure have no res judicata or collateral estoppel effect on issues to be tried before a jury in the mortgagor's legal claim against a nonparty to the foreclosure action.
In Florida the doctrine of collateral estoppel, like its near relative res judicata, may be asserted only when identical issues have been litigated between the same parties or their privies. Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984); 32 Fla. Jur.2d Judgments and Decrees §§ 147-153 (1981). In this case, appellee Charles Kantor was not a named party in the foreclosure action. Despite the fact that Kantor became president of Mega Bank shortly before both actions were filed, and that he was subsequently called as a witness in the foreclosure action, the third-party complaint specifically sued Kantor as a principal of the law firm which represented Mega Bank and not as the president of Mega Bank. As such, it cannot be said that the trial court's ruling in the foreclosure action was conclusive as to the identical parties sufficient to bar the action in the third-party complaint. Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956); Romano, 450 So.2d 843.
The dismissal of the counterclaim against the bank should also be reversed. The general rule is that when a compulsory legal counterclaim to an equitable action exists, and the issues in the legal action are similar to the issues in the equitable action, so as to bind the trier-of-fact to the earlier determination, the legal action must be tried first in order to prevent a denial of the right to a jury trial. Spring v. Ronel Refining Inc., 421 So.2d 46 (Fla. 3d DCA 1982). Because the equitable action was tried first, over the appellant's objection and with no opportunity for the appellant to conduct discovery on the counterclaim, the appellees cannot be heard to complain of the possibility of inconsistent judgments.