KRAVITCH, Circuit Judge,
dissenting:
I believe the district court erred in finding that the state court’s consideration of the private interest factors had a preclusive effect in this case. Furthermore, I believe the district court abused its considerable discretion in its weighing of the private and public interest factors at issue in this case. For these reasons, I would vacate the district court’s order and remand this matter for reconsideration. Accordingly, I respectfully dissent.

A. Collateral Estoppel

“[A] federal court must give the same full faith and credit to the records and judicial proceedings of any state court that they would receive in the state from which they arise.” Gjellum v. City of Birmingham, 829 F.2d 1056, 1060 (11th Cir.1987) (citing 28 U.S.C. § 1738). This is the rule regardless of whether the state court’s judgments are erroneous. Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 373, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996); Lops v. Lops, 140 F.3d 927, 938 (11th Cir.1998). The preclusive effect of state judgments in federal court is determined, in the first instance, according to principles of state law. See Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) (“This statute [28 U.S.C. § 1738] directs a federal court to refer to the preclusion law of the State in which judgment was rendered.”). In Florida, “collateral estoppel applies when the identical parties wish to relitigate issues that were actually litigated as necessary and material issues in a prior action.” Carson v. Gibson, 638 So.2d 79, 81 (Fla.Dist.Ct.App.1994) (citing Albrecht v. State, 444 So.2d 8 (Fla.1984)).
In this case, the district court did not adopt the state court’s decision in toto, but found that only certain of the state court’s findings gave rise to collateral estoppel. The court correctly recognized that the forum non conveniens analysis differs between state and federal courts, see Esfeld v. Costa Crociere, 289 F.3d 1300,1303 (11th Cir.2002) (deciding that federal and Florida forum non conveniens analyses are not identical for Erie purposes), and only adopted those factual findings of the state court which it deemed to be identical to the factual inquiries required of it. See Cook v. State, 921 So.2d 631, 634 (Fla.Dist.Ct.App.2005) (“When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.”) (quoting Restatement (Second) of Judgments § 27 (1982)). Specifically, the district court found that it was bound (1) by the state court’s determination that Guatemala provides an adequate and available alternative forum for Plaintiffs to bring suit and (2) by the state court’s finding that the only relevant private interest factors implicated in the case are that the alleged misconduct occurred in Guatemala, the vast majority of witnesses and evidence is located in Guatemala, and the vast majority of documentary evidence and potential live testimony would require translation from Spanish for admission in Florida state court. This court must consider de novo whether the district court erred in finding that it was bound by the state court’s resolution of these issues.
*1301 I agree with the majority that federal and Florida state law require an identical analysis for determining the availability and adequacy of a foreign forum. Thus, because in deciding the issue the district court would have been required to consider and decide questions of fact already decided by the state court, I agree that the district court did not err in finding that it was bound by the state court’s conclusion that Guatemala is an adequate alternative forum.
I disagree, however, with the majority’s conclusion that the district court “was bound by the state court’s analysis of each of the individual private interest factors.” The district court found that “the private interest factors involved in forum non conveniens cases are identical in Florida and federal law” and concluded that it was therefore “precluded from considering a different list of private interests.” Aldana v. Fresh Del Monte Produce, Inc., 2007 WL 3054986, * 4 (S.D.Fla. Oct. 16, 2007). This court has held, however, that the private interests involved in trying a case in state or federal court are not identical. See Esfeld, 289 F.3d at 1303 (noting that in the forum non conveniens context, federal courts, unlike state courts, do not focus on the connection between the case and a particular state, but rather on the connection of the case to the United States as a whole). The district court itself recognized this fact. Immediately after finding that the private interest factors involved were identical, the district court noted that “the only different private interest is that in Florida state court, the Plaintiffs were not residents of Florida and thus were not afforded a special presumption of correctness [whereas] in this Court as residents of the United States they are afforded such a presumption.” Aldana, 2007 WL 3054986 at * 4 (emphasis in original). “The well established rule in Florida has been and continues to be that collateral estoppel may be asserted only when the identical issue has been litigated between the same parties .... ” R.D.J. Enterprises, Inc. v. Mega Bank, 600 So.2d 1229, 1231 (Fla.Dist.Ct.App.1992) (emphasis added). Where the inquiries are anything less than identical, collateral estoppel does not apply. See id. Accordingly, because the pragmatic concerns a party faces by being called into federal court are not identical to the concerns implicated by being called into state court, the district court was not required to adopt the state court’s conclusion that “[t]he private interest factors weigh heavily in favor of the Guatemalan forum.” Aldana v. Fresh Del Monte Produce, Inc., No. 04-00723-CA-20, slip op. at 4 (Fla.Cir.Ct. March 30, 2005). Furthermore, collateral estoppel did not prevent the district court from considering “a different list” of private interests not explicitly considered by the state court. Rather, the district court was free to consider, without limitation, any number of pragmatic concerns which would make trial of this case in either forum “easy, expeditious and inexpensive” and to give whatever weight to these concerns that it deemed appropriate. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).
To the extent the state court made specific factual findings regarding certain private interest factors which were also relevant to the district court’s inquiry, however, the district court properly did not revisit these factual determinations. Specifically, the district court was bound by the state court’s limited factual findings that “the alleged misconduct of which the Plaintiffs complain occurred in Guatemala, the vast majority of the witnesses and documentary evidence [is] located in Guatemala or in countries close to Guatemala, the vast majority of the documentary evidence is in Spanish ..., and the witnesses either do not speak *1302 English or Spanish is their native language.”[1] Aldana, No. 04-00723-CA-20, slip op. at 4. These factual issues were fully litigated and resolved by the state court and these facts are relevant to both the state and federal court’s forum non conveniens analysis. Issue preclusion, therefore, required the district court to adopt the state court’s resolution of these specific questions of fact. The weighing of these facts, however, remained within the exclusive power of the district court, as did the consideration of any additional private interests upon which the state court did not make explicit findings. For example, the state court did not address the Plaintiffs’ strong interest in being present at their trial.[2] Also, the state court made no factual findings regarding any prejudice to Plaintiffs resulting from the dismissal of their lawsuit at this late date, In re TS Tech USA Corp., 551 F.3d 1315, 1320 (Fed.Cir.2008) (noting that the possibility of delay and prejudice is a private interest factor in the forum non conveniens analysis), or regarding the relative ease of enforcing a judgment in either forum.[3] See Ford v. Brown, 319 F.3d 1302, 1307 (11th Cir.2003) (“There may also be questions as to the enforceability of a judgment if one is obtained.”). In addition to this non-exhaustive list, the district court was free to consider any number of other practical problems that make trial of a case in a particular forum an undue burden upon either party.[4] Id. Accordingly, I conclude that the district court erred in its application of collateral estoppel and that this error caused it to believe it could not consider and weigh private interests which were properly before it.

*1303
B. Forum Non Conveniens: Weighing of the Factors

As described more fully below, in addition to erroneously concluding that its analysis must be limited to those private interest factors addressed by the state court, I believe the district court also misinterpreted the facts actually found by the state court. These errors caused the district court to strike a balance of the parties’ private interests that was an abuse of discretion. I also believe the district court committed errors constituting an abuse of discretion in weighing the relevant public interest factors. I conclude, therefore, that the district court’s balancing of the parties’ relevant public and private interests is invalid. See Ford, 319 F.3d at 1308 (holding that the district court “overlooked some highly relevant factors, and that it ultimately struck a balance that was an abuse of discretion”).

1. Private Interest Factors

With regard to the weighing of the private interests, the Supreme Court has held that the plaintiffs’ choice of forum should rarely be disturbed “unless the balance is strongly in favor of the defendant.” Gilbert, 330 U.S. at 508, 67 S.Ct. 839. This presumption in favor of the plaintiffs’ initial forum choice is at its strongest when the plaintiffs are citizens, residents, or corporations of this country. Leon v. Million Air, Inc., 251 F.3d 1305, 1311 (11th Cir.2001) (“[B]alaneing private interests requires determining the convenience of the parties, affording domestic plaintiffs ‘a strong presumption’ that their forum choice is sufficiently convenient, and a weaker presumption applying in cases brought by foreign plaintiffs.”). Although the Supreme Court has been clear that “dismissal should not be automatically barred when a [domestic] plaintiff has filed suit in his home forum,” Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 n. 23, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), in this circuit, we have long mandated that district courts “require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country.” SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1101 (11th Cir.2004) (quoting La Seguridad v. Transytur Line, 707 F.2d 1304, 1308 n. 7 (llth Cir.1983)).
Here, the district court noted that because Plaintiffs are lawful residents of the United States, it must give Plaintiffs’ choice of forum “a special presumption of correctness;” however, the court then dismissed the presumption as “not singularly dispositive” after finding that it was bound by the state court’s finding that “[t]he only evidence that is in the United States is the testimony of the Plaintiffs.” Aldana, 2007 WL 3054986 at *4. This analysis is flawed for two reasons. First, the district court’s finding that Plaintiffs’ location in the United States is the sole factor weighing in favor of Plaintiffs’ choice of forum is a misstatement of the state court’s factual findings. Although the district court purported to adopt the state court’s factual findings regarding the parties’ private interests, it stated these facts slightly differently in its order. Rather than finding, as the state court did, that the “vast majority” of the evidence and witnesses are located in Guatemala, the district court found that “the entirety of the witnesses except for the Plaintiffs are located in Guatemala” and that “the only evidence that is in the United States is the testimony of the Plaintiffs.” Id. (emphasis added). This is not what the state court found, nor is it a proper characterization of the record before the court. Without disputing the state court’s characterization that the “vast majority” of the evidence is in Guatemala, I note that the record indi *1304 cates that there is indeed some other documentary evidence and witness testimony in the United States, namely, the evidence located in the Del Monte corporate offices in Florida needed to prove the Del Monte defendant’s control over its alleged agents in Guatemala. Accordingly, the district court misconstrued the facts to which it was bound and misinterpreted the evidence in the record when it found that “[a]U the other evidence is in Guatemala or in the suiTOunding areas” and that “[n]one of the witnesses involved in the case, except Plaintiffs, are within the reach of this Court’s compulsory process.” Although the majority believes this difference is “insignificant,” I am not so convinced. The difference between “none” and “some” could very well be determinative in a balancing test, particularly when weighed with the strong presumption in favor of the Plaintiffs’ choice of forum.
Second, in any event, the district court was not limited by the state court’s private interests analysis. As discussed above, the court could have weighed other interests, including but not limited to Plaintiffs’ interest in being present for their trial, Plaintiffs’ interest in avoiding delay, and the relative ease of enforcing a judgment in either forum. Gilbert, 330 U.S. at 508, 67 S.Ct. 839 (noting that a court will consider all practical problems in order to “weigh relative advantages and obstacles to fair trial”). Also, to the extent the district court was bound by the state court’s factual findings, it was not required to give the same heavy weight to these individual private interests as was given by the state court. For example, even though it could not relitigate the state court’s finding that the vast majority of evidence and testimony would be in Spanish, the district court was free to reach its own conclusion regarding the inconvenience this fact would pose on a defendant litigating in a United States federal court, as opposed to in the state court. Federal district courts, particularly those in the Southern District of Florida, are “well-equipped and experienced” in trying cases “in which many of the witnesses might speak a language other than English and in which many of the documents may be in a language other than English.” Licea v. Curacao Drydock Co., Inc., 537 F.Supp.2d 1270, 1276 (S.D.Fla.2008). Accordingly, although the state court found that the necessity of translating evidence and witness testimony would be particularly burdensome for a defendant in state court, the district court may have found that, considering the resources available to federal courts, this necessity imposed a “relatively light burden on [a defendant litigating in the U.S.” Id.
If the district court had recognized that other evidence and witnesses were located in the United States, that the interests discussed by the state court could be reweighed, and that additional private interest factors could be considered, its analysis of the parties’ private interests, considered in conjunction with the strong presumption this court affords to a United States resident’s choice of forum, would necessarily have differed. For this reason, I conclude that the district court’s finding that “the weight of private interests lies heavily in favor of the Defendants’ choice of Guatemala as a forum” is tainted by its misinterpretation of the state court’s factual findings and by its erroneous conclusions of law and therefore constitutes an abuse of discretion.

2. Public Interest Factors

After noting that consideration of the public interest factors was not necessary for its decision,[5] the district court nonethe *1305 less weighed these factors and found that “[i]t is difficult to identify any public interest factor which would weigh in favor of the Plaintiffs.” Aldana, 2007 WL 3054986 at *5. I disagree.
Relevant public interest factors include: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies resolved at home; (3) the interest in having the trial of a diversity case in a forum that is familiar with the law governing the action; (4) the avoidance of unnecessary problems in conflicts of law or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. SME Racks, Inc., 382 F.3d at 1100-01. In considering the public interest factors at issue in this case, the district court did not address the factors listed above; rather, after noting that “there is a strong public interest in favoring the receptivity of United States courts to claims under 28 U.S.C. § 1350,” it found that “there is a greater policy interest in preventing forum shopping, as well as in protecting comity between the United States and other nations and other such interests.” Aldana, 2007 WL 3054986 at *5. The district court, however, did not explain how Plaintiffs’ choice of forum — in a federal court of their country of residence— constitutes forum shopping or threatens international comity. Indeed, it is perfectly reasonable for Plaintiffs to have brought this lawsuit in the court of the country of them residence, particularly because United States’ law governs their claims and one of the Defendants, Del Monte, is incorporated and located in the United States. Also, because there is no pending suit or prior judgment in Guatemalan court, it is not obvious why there should be any threat to international comity in allowing Plaintiffs to file their civil suit in this country. See Ford, 319 F.3d at 1309 (holding that comity concerns are implicated where plaintiffs’ ask the district court to contradict the conclusions of the Hong Kong courts and to “overlook the respect that a foreign sovereign is due”).
Furthermore, the district court gave an unreasonably short shrift to the United States’ strong interest in hearing claims alleging state-sponsored torture brought under the ATA and the TVPA. In enacting the ATA and the TVPA, Congress expressed “a policy favoring receptivity by our courts” to suits alleging violations of the law of nations unless the defendant has fully met the burden of showing that the forum non conveniens factors “tilt[ ] strongly in favor of trial in the foreign forum.” Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 106 (2d Cir.2000) (emphasis added). I conclude that the district court’s vague and unexplained concerns regarding forum shopping and comity are insufficient to outweigh the United States’ hefty interest in upholding the standards of international law through the TVPA. See id. (finding that the TVPA conveys the message that “torture committed under color of law of a foreign nation in violation of international law is ‘our business’ ... ”).
The district court also erred when it cited with approval the state court’s conclusion that Plaintiffs’ claims constitute a “quintessentially Guatemalan dispute” and that therefore “Plaintiffs’ choice of a Florida forum imposes an inappropriately heavy burden on this Court and this community.” The state court’s analysis of the public interest factors implicated in the case before it is entirely inapposite here. In the action before the state court, unlike this case, the court was faced with a plethora of tort claims which were governed by Guatemalan law, a fact acknowledged and considered by the state court. Aldana, No. 04-00723-CA-20, slip op. at 5 *1306 (“Furthermore, the fact that Guatemalan law will govern this dispute adds to balance weighing in favor of the Guatemalan forum.”). “Even the possibility that foreign law applies in a dispute is sufficient to warrant dismissal on forum non conveniens grounds.” Warter v. Boston Securities, S.A., 380 F.Supp.2d 1299, 1315 (S.D.Fla.2004); see also Gilbert, 330 U.S. at 509, 67 S.Ct. 839. In contrast, the federal claims at issue here require the court to apply United States statutory law and implicate treaty law and the law of nations. The United States has a strong interest in its courts deciding these federal claims and there would be no difficulty regarding conflicts of law or in the application of foreign law. Accordingly, the district court erred in finding that the “state court’s determinations regarding public interest factors ... are persuasive” in this case. As a result of the errors cited above, I believe that the district court ultimately struck a balancing of the public interest factors that was an abuse of discretion.

C. Conclusion

Although a district court’s decision regarding forum non conveniens generally “deserves substantial deference,” it is only entitled to this deference “[w]here the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable.” See Piper Aircraft Co., 454 U.S. at 257, 102 S.Ct. 252 (emphasis added). Reviewing the district court’s analysis of the public and private factors, I believe that it erred by not considering all of the public and private interests and by not applying the presumptions required by law. Indeed, because it wrongly believed it was limited to considering only those private interests considered by the state court and because it misinterpreted the state court’s factual findings, the district court only considered the relative advantages of the Guatemalan forum and did not consider any of the private interest factors which may have weighed in favor of suit in the United States. “Where the court does not weigh the relative advantages of the respective forums but considers only the disadvantages of one, it has abused its discretion.” SME Racks, Inc., 382 F.3d at 1100 (quoting La Seguridad, 707 F.2d at 1308). Because I conclude the abuse of discretion standard has been met in this case, I would vacate the district court’s order and remand with instructions to reconsider the balance of the public and private interests consistent with this opinion. Accordingly, I respectfully dissent.

. This sentence represents the entirety of the state court’s factual findings regarding the parties' private interests in this case. As discussed infra, however, the district court described these findings differently in its order.

. Plaintiffs' interest in being present for trial is a private interest weighing in favor of ' Plaintiffs' choice of forum which should be considered separate and apart from the issue of whether Guatemala provides an adequate forum. See Mujica v. Occidental Petroleum Corp., 381 F.Supp.2d 1134, 1150 (C.D.Cal.2005) (holding that because "Plaintiffs would be able to file their case in Colombia, ... Plaintiffs' concerns as to their safety are more appropriately considered in the private interest factors analysis.”); Sarei v. Rio Tinto PLC, 221 F.Supp.2d 1116, 1208 (C.D.Cal.2002) (stating that "plaintiffs’ fears, while an appropriate consideration in. assessing whether private interest factors favor a forum non conveniens dismissal, do not render [Papua New Guinea] an inadequate forum”); see also In re Bridgestone/Firestone, Inc., 190 F.Supp.2d 1125, 1144 (S.D.Ind.2002) (considering the "political instability and violence in Colombia” in its private interest factors analysis).

. Relevant to this determination is the fact that the main corporate defendant, Del Monte, is incorporated and located in the United States.

. The majority asserts that because the district court, in limiting its analysis to those factors considered by the state court, still addressed the majority of the Gilbert factors, it performed a proper analysis of the private interests. The majority argues that the dissent "second-guess[es] the district court’s decision to limit itself to a particular set of interests.” This, however, is not my intent. If the district court, after properly interpreting the law of collateral estoppel, had actually decided to limit its analysis to the list of private interest factors set forth by the state court, I would agree with the majority that its analysis is entitled to substantial deference. Here, however, the district court did not decide to only consider the private interests cited by the state court; rather, it misapplied the law of collateral estoppel and this error caused it to conclude that it could only consider these interests. This error of law influenced the district court’s balancing of the relevant factors and constitutes an abuse of discretion. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct 2447, 110 L.Ed.2d 359 (1990) (noting that a district court by definition abuses its discretion when it makes an error of law).

. See SME Racks, Inc., 382 F.3d at 1101 (noting that if the balance of private interest factors is at or near equipoise, the court must then consider relevant factors of public interest); but see Leon, 251 F.3d at 1311 (“[T]he *1305 better rule is to consider both factors in all cases.”).