PER CURIAM.
The plaintiff, Gary Bauder, appeals from an adverse final summary judgment. We reverse.
In Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), the United States Supreme Court held that “objective reasonableness ... defines the qualified immunity accorded an officer whose request for a warrant allegedly caused an unconstitutional arrest.” Malley, 475 U.S. at 344, 106 S.Ct. at 1098. Further, “[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable ... will the shield of immunity be lost.” Malley, 475 U.S. at 344-45,106 S.Ct. at 1098.
In the instant case, where this Court previously found that “the affidavit given in support of a search warrant was totally devoid of factual recitations sufficient to raise the affiant-officer’s suspicion to the level of probable cause,” Bauder v. State, 613 So.2d 547 (Fla. 3d DCA), review denied, 624 So.2d 268 (Fla.1993), the shield of immunity is lost. Accordingly, we find that the trial court erred, as a matter of law, by granting the defendant police officer’s motion for summary judgment.
Reversed and remanded.