718 So.2d 781 (1998)
Barbara White GENTILE, Petitioner,
v.
Gary BAUDER, Respondent.
No. 91519.
Supreme Court of Florida.
September 24, 1998.
*782 Robert A. Ginsburg, Dade County Attorney, and Thomas H. Robertson and James J. Allen, Assistant County Attorneys, Miami, for Petitioner.
Louis M. Jepeway, Jr. of Jepeway and Jepeway, P.A., Miami, and Andre Rouviere, Coral Gables, for Respondent.
WELLS, Justice.
We have for review Bauder v. Gentile, 697 So.2d 1222 (Fla. 3d DCA 1997), which conflicts with Stogniew v. McQueen, 656 So.2d 917 (Fla.1995); Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla.1977), and other cases setting forth Florida's law on collateral estoppel. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed in this opinion, we quash the decision below and remand this case to the district court with instructions to affirm the summary judgment entered in favor of the petitioner.

BACKGROUND
Petitioner, Barbara White-Gentile, is a police sergeant with the Metropolitan Dade County Police Department. Petitioner obtained a search warrant for respondent's home based on an affidavit she signed stating that she had received information concerning respondent's alleged involvement in child pornography. After executing the search warrant, police arrested respondent and charged him with sexual performance by a child[1] and possession of marijuana. Before trial, respondent moved the court to suppress the evidence seized pursuant to the search warrant. The trial court denied the motion. Respondent was eventually convicted and sentenced to thirty years' imprisonment. On appeal, the district court reversed, holding that the evidence seized pursuant to the search warrant should have been suppressed because "the affidavit given in support of [the] search warrant was totally devoid of factual recitations sufficient to raise the affiant-officer's suspicions to the level of probable cause." Bauder v. State, 613 So.2d 547, 547 (Fla. 3d DCA 1993) (Bauder I).
Respondent subsequently filed this action under 42 U.S.C. § 1983 (1994), alleging that petitioner violated his constitutional rights. Petitioner filed a motion for summary judgment on her affirmative defense of qualified immunity. In support of her motion, petitioner filed an affidavit in which she stated she had a sufficient factual basis to believe that probable cause existed for a search warrant; she sought the assistance of two assistant state attorneys in drafting the affidavit and the search warrant; she had her supervising officers review the warrant for probable cause; and the supervisors and assistant state attorneys all agreed that the affidavit *783 adequately provided a basis for finding probable cause. The record includes petitioner's deposition. In defense of the motion, respondent relied entirely on the district court's decision in Bauder I. The trial court granted petitioner's motion for summary judgment.
The district court reversed. Bauder v. Gentile, 697 So.2d 1222 (Fla. 3d DCA 1997) (Bauder II). The district court stated that under the rulings of the Supreme Court, objective reasonableness defines qualified immunity and that only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost. Id. at 1222. The court then held that because it had previously found the affidavit totally devoid of factual recitations sufficient to establish probable cause in Bauder I, the officer's shield of immunity was lost. Id. We now quash the district court's decision.

COLLATERAL ESTOPPEL
The first issue we address is whether the district court erred in attaching preclusive effect to its prior decision in Bauder I regarding the affidavit petitioner gave in support of the search warrant. Respondent argues that an affidavit given in support of a search warrant which is "totally devoid of factual recitations sufficient to raise the affiant-officer's suspicion to the level of probable cause" is, by definition, one which no reasonably objective police officer would submit to a judge. Petitioner argues that collaterally estopping her from raising a qualified immunity defense based on an action to which she was not a party violates her due process rights. We agree with the petitioner on this issue.
In a claim based on a federal statute, a party's ability to relitigate an issue decided in prior state court litigation depends on the law of the state in which the earlier litigation occurred. See 28 U.S.C. § 1738 (1994); Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Under Florida law, collateral estoppel, or issue preclusion, applies when "the identical issue has been litigated between the same parties or their privies." Stogniew v. McQueen, 656 So.2d 917, 919 (Fla.1995); Mobil Oil Corp. v. Shevin, 354 So.2d 372, 374 (Fla.1977). Applying these principles here, we conclude that petitioner was not collaterally estopped in this case from raising her affirmative defense of qualified immunity because of what the Third District did in Bauder I.
First, petitioner was not a party to the state criminal action against respondent; nor was petitioner in privity with the State of Florida. To be in privity with one who is a party to a lawsuit, one must have an interest in the action such that she will be bound by the final judgment as if she were a party. Stogniew, 656 So.2d at 920. Here, petitioner had no greater interest in the outcome of Bauder I than any other citizen of this state. Prosecutors represent the interests of the people of the State of Florida, not the interests of the arresting police officer. In respondent's criminal trial, petitioner had no control over how the case would be prosecuted or if and how an adverse decision would be appealed.
Second, the issue before the district court in Bauder I was not identical to the issue presented here. The issue in Bauder I was whether petitioner's affidavit contained sufficient evidence of probable cause to sustain the issuance of a search warrant. The issue in Bauder II, however, was not whether the affidavit contained probable cause. Rather, the issue was whether a reasonable police officer could have believed, in light of clearly established precedent, that the facts contained in the affidavit amounted to probable cause. See Malley v. Briggs, 475 U.S. 335, 345, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).
As one court has already noted, to accept respondent's argument would mean that "all suppression orders would automatically trigger section 1983 liabilitya ludicrous result." Trujillo v. Simer, 934 F.Supp. 1217, 1225 (D.Colo.1996).[2] We agree with *784 this patent observation. Therefore, based on Florida's collateral estoppel doctrine, we conclude that it was improper for the district court to attach any preclusive effect to its decision in Bauder I. See Tierney v. Davidson, 133 F.3d 189, 195 (2d Cir.1998) (trial court erred in collaterally estopping police officer from raising qualified immunity based on prior suppression order).

SUMMARY JUDGMENT ON THE SECTION 1983 CLAIM
We now review whether the trial court erred in granting petitioner's summary judgment motion based on the affirmative defense of qualified immunity. We find that this issue is ripe for review because respondent has failed to establish the existence of any genuine issue of material fact which would preclude the entry of summary judgment. See Landers v. Milton, 370 So.2d 368, 370 (Fla.1979) (summary judgment is appropriate upon failure of opposing party to present competent evidence revealing genuine issue of fact); see also Hunter v. Bryant, 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) ("[Qualified] [i]mmunity ordinarily should be decided by the court long before trial."). Moreover, dealing with immunity as a question of law is consistent with the doctrine's policy of providing "immunity from suit rather than a mere defense to liability." Tucker v. Resha, 648 So.2d 1187, 1189 (Fla. 1994) (emphasis deleted) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526-27, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)).
Government officials performing discretionary functions are entitled to qualified immunity from civil damages to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity protection applies to all except the plainly incompetent or those who knowingly violate the law, Malley, 475 U.S. at 341, 106 S.Ct. 1092, and turns upon the "objective legal reasonableness" of the official's action assessed in light of the legal rules that were "clearly established at the time the action was taken." Anderson, 483 U.S. at 639, 107 S.Ct. 3034 (citing Harlow, 457 U.S. at 818-19, 102 S.Ct. 2727).
Analyzing qualified immunity involves a two-step process. First, the official must establish that he was acting within the scope of his discretionary authority. Lowe v. Aldridge, 958 F.2d 1565, 1570 (11th Cir.1992); Brescher v. Pirez, 696 So.2d 370, 373 (Fla. 4th DCA), review denied, 705 So.2d 10 (Fla. 1997). Once this is established, the burden then shifts to the plaintiff to show that the official's action violated the plaintiff's clearly established rights which a reasonable police officer would have known. Lowe, 958 F.2d at 1570; Brescher, 696 So.2d at 373. Here, respondent concedes that petitioner was acting within her discretionary authority as a police officer. Thus, the issue is whether respondent has presented any evidence from which a jury could reasonably conclude that no well-trained officer in petitioner's position would have believed that petitioner's affidavit established probable cause under clearly established precedent. See Anderson, 483 U.S. at 641, 107 S.Ct. 3034; Malley, 475 U.S. at 341, 106 S.Ct. 1092.
To establish probable cause for the search warrant, petitioner was required to show that she had reason to believe that a crime had been committed and that evidence would be found at the premises to be searched. Lowe, 958 F.2d at 1570. Although the affidavit petitioner submitted in support of the search warrant is not in the record, petitioner stated *785 that the following facts contained in her deposition reflect the facts stated in her affidavit. Because this statement is not disputed, we must assume it to be true.
In 1990, James Buzzella filed a complaint with the police department alleging that respondent was engaged in child pornography.[3] Mr. Buzzella provided the names of three witnesses: Debbie Buzzella, who is Mr. Buzzella's adult daughter;[4] and two minor brothers with personal knowledge of respondent's alleged criminal conduct. Petitioner contacted each of the witnesses. Ms. Buzzella informed petitioner that she witnessed respondent at the local park luring young boys into his limousine. Ms. Buzzella also told petitioner that one young boy told her that respondent was supplying the boys with quaaludes. One young boy listed as a witness told petitioner that respondent would furnish limousine rides for young boys, including himself and his brother, and then take them to his home where they would smoke marijuana. The other boy corroborated his brother's statement. Based on this uncontradicted evidence, we find no error in the trial court concluding that, as a matter of law, a reasonable, well-trained officer in petitioner's position could have believed that these facts established probable cause for the search warrant, and that therefore a summary judgment was to be entered in behalf of petitioner based on qualified immunity.
Accordingly, we quash the Third District's decision and remand with instructions that the district court affirm the trial court's ruling granting summary judgment in favor of petitioner.
It is so ordered.
HARDING, C.J., and OVERTON, KOGAN and PARIENTE, JJ., concur.
SHAW and ANSTEAD, JJ., concur in result only.
NOTES
[1] See § 827.071, Fla. Stat. (1991).
[2] As further evidence that the granting of a suppression motion does not automatically trigger section 1983 liability, we cite to language from Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987):

We have recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officialslike other officials who act in ways they reasonably believe to be lawfulshould not be held personally liable.
Id., 483 U.S. at 641, 107 S.Ct. 3034. The United States Supreme Court recognizes that there will be instances in which a law enforcement officer will make a mistake and evidence will have to be suppressed. However, this suppression does not, ipso facto, mean that the law enforcement officer will be personally liable.
[3] Petitioner was familiar with respondent because she arrested him in 1986 in connection with allegations that respondent was engaged in child pornography.
[4] Ms. Buzzella was the sister of the victim of respondent's 1986 arrest.